1   JOHN S. LEONARDO
    United States Attorney
2   District of Arizona
    RAYNETTE M. LOGAN
3   Assistant U.S. Attorney
    Arizona State Bar No. 016695
4   Two Renaissance Square
    40 N. Central Ave., Suite 1200
5   Phoenix, Arizona 85004
    Telephone: 602-514-7500
6   Email: Raynette.Logan@usdoj.gov

___ FILED      ___ LODGED
___ RECEIVED   ___ COPY

OCT 1 4 2014

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

✓ FILED      ___ LODGED
___ RECEIVED   ___ COPY

FEB 0 9 2015

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

7                   UNITED STATES DISTRICT COURT

8                       DISTRICT OF ARIZONA

9   United States of America,                CR- 14-0923-PHX-JJT (BSB)

10                          Plaintiff,

11                                            **PLEA AGREEMENT**

12          vs.

13   Lorenzo Dale Flores,

14                          Defendant.

15

16          Plaintiff, United States of America, and the defendant, Lorenzo Dale Flores,

17   hereby agree to dispose of this matter on the following terms and conditions:

18   **1.    PLEA**

19          The defendant will plead guilty to the lesser included offense of Count 1 of the

20   indictment, a violation of Title 18, United States Code (U.S.C.) § 1153 and 1111, CIR-

21   Second Degree Murder, a Class A felony offense.

22   **2.    MAXIMUM PENALTIES**

23          a.      A violation of 18 U.S.C. §§ 1153 and 1111, is punishable by a maximum

24   fine of $250,000, a maximum term of imprisonment of any term of years or for life

25   imprisonment, or both, and a term of supervised release of 5 years.

26          b.      According to the Sentencing Guidelines issued pursuant to the Sentencing

27   Reform Act of 1984, the Court shall order the defendant to:

28                  (1)     make restitution to any victim of the offense pursuant to 18 U.S.C. §

1    3663 and/or 3663A, unless the Court determines that restitution would not be

2    appropriate;

3              (2)    pay a fine pursuant to 18 U.S.C. § 3572, unless the Court finds that a

4    fine is not appropriate;

5              (3)    serve a term of supervised release when required by statute or when

6    a sentence of imprisonment of more than one year is imposed (with the understanding

7    that the Court may impose a term of supervised release in all other cases); and

8              (4)    pay upon conviction a $100 special assessment for each count to

9    which the defendant pleads guilty pursuant to 18 U.S.C. § 3013(a)(2)(A).

10          c.    The Court is required to consider the Sentencing Guidelines in determining

11   the defendant's sentence.  However, the Sentencing Guidelines are advisory, and the

12   Court is free to exercise its discretion to impose any reasonable sentence up to the

13   maximum set by statute for the crime(s) of conviction, unless there are stipulations to the

14   contrary that the Court accepts.

15   **3.    <u>AGREEMENTS REGARDING SENTENCING</u>**

16          a.    Stipulation. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and

17   the defendant stipulate that the defendant shall be sentenced to no more than the low end

18   of the guideline range as determined by the Court at the time of sentencing.

19          b.    Restitution.  Pursuant to 18 U.S.C. § 3663 and/or 3663A, the defendant

20   specifically agrees to make restitution to the family of Antonio Santos, in an amount to be

21   determined by the Court at the time of sentencing but in no event more than $100,000.

22          c.    Acceptance of Responsibility.   If the defendant makes full and complete

23   disclosure to the U.S. Probation Office of the circumstances surrounding the defendant's

24   commission of the offense, and if the defendant demonstrates an acceptance of

25   responsibility for this offense up to and including the time of sentencing, the United

26   States will recommend a two-level reduction in the applicable Sentencing Guidelines

27   offense level pursuant to U.S.S.G.§ 3E1.1(a). If the defendant has an offense level of 16

28

- 2 -

or more, the United States will recommend an additional one-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(b).

**4.    COURT APPROVAL REQUIRED; REINSTITUTION OF PROSECUTION**

a.    If the Court, after reviewing this plea agreement, concludes that any provision contained herein is inappropriate, it may reject the plea agreement and give the defendant the opportunity to withdraw the guilty plea in accordance with Fed. R. Crim. P. 11(c)(5).

b.    If the defendant's guilty plea or plea agreement is rejected, withdrawn, vacated, or reversed at any time, this agreement shall be null and void, the United States shall be free to prosecute the defendant for all crimes of which it then has knowledge and any charges that have been dismissed because of this plea agreement shall automatically be reinstated.  In such event, the defendant waives any and all objections, motions, and defenses based upon the Statute of Limitations, the Speedy Trial Act, or constitutional restrictions in bringing later charges or proceedings.  The defendant understands that any statements made at the time of the defendant's change of plea or sentencing may be used against the defendant in any subsequent hearing, trial, or proceeding subject to the limitations of Fed. R. Evid. 410.

**5.    WAIVER OF DEFENSES AND APPEAL RIGHTS**

a.    Providing the defendant's sentence is consistent with this agreement, the defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment or information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentence, including the manner in which the sentence is determined, including but not limited to any appeals under 18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and 2255 (habeas petitions), and any right to file a motion for modification of sentence, including under Title 18,

1   United States Code, Section 3582(c). The defendant acknowledges that if the Court has

2   sentenced the defendant according to the terms of this agreement, this waiver shall result

3   in the dismissal of any appeal, collateral attack, or other motion the defendant might file

4   challenging the conviction, order of restitution or forfeiture, or sentence in this case.

5       b.    Notice of Intent to Destroy Biological Evidence. The government obtained

6   biological evidence in its case. The government has preserved that evidence, pursuant to

7   Title 18, United States Code, Section 3600A. Once your conviction becomes final, you

8   will have 180 days to file a motion pursuant to Title 18, United States Code, Section

9   3600, for testing of that evidence. If no such notice is timely filed, the government will

10  dispose of that sample.

11  **6.    DISCLOSURE OF INFORMATION**

12      a.    The United States retains the unrestricted right to provide information and

13  make any and all statements it deems appropriate to the U.S. Probation Office and to the

14  Court in connection with the case.

15      b.    Any information, statements, documents, and evidence that the defendant

16  provides to the United States pursuant to this agreement may be used against the

17  defendant at any time.

18      c.    The defendant shall cooperate fully with the U.S. Probation Office. Such

19  cooperation shall include providing complete and truthful responses to questions posed

20  by the U.S. Probation Office including, but not limited to, questions relating to:

21          (1)    criminal convictions, history of drug abuse, and mental illness; and

22          (2)    financial information, including present financial assets or liabilities

23  that relate to the ability of the defendant to pay a fine or restitution.

24  **7.    FORFEITURE, CIVIL, AND ADMINISTRATIVE PROCEEDINGS**

25      a.    Nothing in this agreement shall be construed to protect the defendant from

26  administrative or civil forfeiture proceedings or prohibit the United States from

27  proceeding with and/or initiating an action for civil forfeiture. Pursuant to 18 U.S.C. §

28

- 4 -

1  3613, all monetary penalties, including restitution imposed by the Court, shall be due
2  immediately upon judgment and subject to immediate enforcement by the United States.
3  If the Court imposes a schedule of payments, the schedule of payments shall be merely a
4  schedule of minimum payments and shall not be a limitation on the methods available to
5  the United States to enforce the judgment.

6  **8.**    **ELEMENTS**

7                              **CIR-Second Degree Murder**

8         On or about May 26, 2014, in the District of Arizona:

9         1.    Defendant unlawfully killed Antonio Santos;

10        2.    Defendant killed Antonio Santos with malice aforethought;

11        3.    The killing occurred on the Gila River Indian Community, Indian Country,
12              and;

13        4.    Defendant was an Indian at the time of the murder.  Specifically, the
14              defendant had descendant status (i.e. Indian blood) as an Indian from a
15              federally recognized tribe and the defendant was recognized as an Indian by
16              a tribal government or the federal government.

17

18        To kill with malice aforethought means to kill deliberately and intentionally
19        or recklessly with extreme disregard for human life.

20

21  **9.**    **FACTUAL BASIS**

22        a.    The defendant admits that the following facts are true and that if this matter
23  were to proceed to trial the United States could prove the following facts beyond a
24  reasonable doubt:

25              On May 26, 2014, the defendant was driving a car past the front of
26        the victim's home on the Gila River Indian Community, in the District of
27        Arizona.   As the victim, Antonio Santos, approached the car that the

28

                                        - 5 -

1    defendant was driving, the defendant shot the victim four times. The victim
2    died from the gunshot wounds.

3        The defendant further admits that he was an Indian and enrolled
4    member of the Gila River Indian Community, at the time of the murder.
5    Specifically, defendant had sufficient degree of Indian blood from a
6    federally recognized tribe, that is, the Gila River Indian Community, as
7    evidenced by the defendant's certificate of Indian blood, and the defendant
8    was recognized as an Indian by the tribal and federal governments.

9

10        b.    The defendant shall swear under oath to the accuracy of this statement and,
11   if the defendant should be called upon to testify about this matter in the future, any
12   intentional material inconsistencies in the defendant's testimony may subject the
13   defendant to additional penalties for perjury or false swearing, which may be enforced by
14   the United States under this agreement.

15   **APPROVAL AND ACCEPTANCE OF THE DEFENDANT**

16        I have read the entire plea agreement with the assistance of my attorney. I
17   understand each of its provisions and I voluntarily agree to it.

18        I have discussed the case and my constitutional and other rights with my attorney.
19   I understand that by entering my plea of guilty I shall waive my rights to plead not guilty,
20   to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to
21   present evidence in my defense, to remain silent and refuse to be a witness against myself
22   by asserting my privilege against self-incrimination, all with the assistance of counsel,
23   and to be presumed innocent until proven guilty beyond a reasonable doubt.

24        I agree to enter my guilty plea as indicated above on the terms and conditions set
25   forth in this agreement.

26        I have been advised by my attorney of the nature of the charges to which I am
27   entering my guilty plea.  I have further been advised by my attorney of the nature and

28

- 6 -

1  range of the possible sentence and that my ultimate sentence shall be determined by the

2  Court after consideration of the advisory Sentencing Guidelines.

3      My guilty plea is not the result of force, threats, assurances, or promises, other

4  than the promises contained in this agreement.  I voluntarily agree to the provisions of

5  this agreement and I agree to be bound according to its provisions.

6      I understand that if I am granted probation or placed on supervised release by the

7  Court, the terms and conditions of such probation/supervised release are subject to

8  modification at any time. I further understand that if I violate any of the conditions of my

9  probation/supervised release, my probation/supervised release may be revoked and upon

10  such revocation, notwithstanding any other provision of this agreement, I may be

11  required to serve a term of imprisonment or my sentence otherwise may be altered.

12      This written plea agreement, and any written addenda filed as attachments to this

13  plea agreement, contain all the terms and conditions of the plea.  Any additional

14  agreements, if any such agreements exist, shall be recorded in a separate document and

15  may be filed with the Court under seal; accordingly, additional agreements, if any, may

16  not be in the public record.

17      I further agree that promises, including any predictions as to the Sentencing

18  Guideline range or to any Sentencing Guideline factors that will apply, made by anyone

19  (including my attorney) that are not contained within this written plea agreement, are null

20  and void and have no force and effect.

21      I am satisfied that my defense attorney has represented me in a competent manner.

22      I fully understand the terms and conditions of this plea agreement.  I am not now

23  using or under the influence of any drug, medication, liquor, or other intoxicant or

24  depressant that would impair my ability to fully understand the terms and conditions of

25  this plea agreement.

26

27  Date  9/13/14                    Lorenzo Dale Flores
                                     Defendant
28

- 7 -

1

## APPROVAL OF DEFENSE COUNSEL

2       I have discussed this case and the plea agreement with my client in detail and have

3   advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the

4   constitutional and other rights of an accused, the factual basis for and the nature of the

5   offense to which the guilty plea will be entered, possible defenses, and the consequences

6   of the guilty plea including the maximum statutory sentence possible.   I have further

7   discussed the concept of the advisory Sentencing Guidelines with the defendant.   No

8   assurances, promises, or representations have been given to me or to the defendant by the

9   United States or any of its representatives that are not contained in this written

10  agreement.   I concur in the entry of the plea as indicated above and that the terms and

11  conditions set forth in this agreement are in the best interests of my client.   I agree to

12  make a bona fide effort to ensure that the guilty plea is entered in accordance with all the

13  requirements of Fed. R. Crim. P. 11.

14

15  Date      9/13/14      Philip Seplow

16                 Attorney for Defendant

17

18

19

20

21

22

23

24

25

26

27

28

- 8 -

1

**APPROVAL OF THE UNITED STATES**

2      I have reviewed this matter and the plea agreement.  I agree on behalf of the

3  United States that the terms and conditions set forth herein are appropriate and are in the

4  best interests of justice.

5

6                                          JOHN S. LEONARDO
                                           United States Attorney
7                                          District of Arizona

8  __10/14/14__                            _____
   Date                                    RAYNETTE M. LOGAN
9                                          Assistant U.S. Attorney

10

11                      **ACCEPTANCE BY THE COURT**

12  __2/9/15__                             _____
    Date                                   THE HONORABLE JOHN J. TUCHI
13                                          United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28